UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KURT W. PONZAR and SANDRA L. PONZAR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV406 HEA |
| ) | |
| CORNERSTONE MORTGAGE, INC. ) and WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cornerstone's Motion to Dismiss,[1] Plaintiffs' Motion to Dismiss, [Doc. No. 13] and Defendant Wells Fargo's Motion for Judgment on the Pleadings, [Doc. No. 16]. For the reasons set forth below, Cornerstone's Motion to Dismiss and Wells Fargo's Motion for Judgment on the Pleadings are granted. Plaintiff's Motion to Dismiss is denied as moot.

Plaintiffs filed this action for damages under the Truth in Lending Act, 15 U.S.C. §1601, *et seq.*, (TILA) and Regulation Z, 12 C.F.R. in the Circuit Court for the County of St. Charles, Missouri on December 28, 2006. Plaintiffs claim that

---

[1] This motion was filed in the State Court prior to removal. The State Court, however, did not rule on the motion before the case was removed

they are entitled to recover actual and statutory damages under the TILA for Cornerstone's alleged failure to provide the requisite disclosures under the TILA and for Wells Fargo's alleged violation of Section 1635(b) of the TILA by failing to acknowledge, recognize or honor the Ponzar's alleged rescission of their home loan. Defendant Cornerstone filed a motion to dismiss in the State Court prior to removal. Defendant Wells Fargo seeks judgment on the pleadings. Defendants base their respective motions on the grounds that Plaintiff's action is barred under the Missouri Compulsory Counterclaim Rule.

**Facts and Background**

Defendant Cornerstone filed an action in the St. Charles County Circuit Court against Plaintiffs on July 24, 2006, seeking declaratory judgment, damages for unjust enrichment, imposition of an equitable lien and foreclosure. This action was based on issues arising out of the making of a loan by Cornerstone[2] to Plaintiffs on January 19,2006. Cornerstone sought to recover moneys it loaned to Plaintiffs based on the stipulated fact that Plaintiffs had rescinded the loan on January 23, 2006.

Cornerstone filed a motion for summary judgment in the State Court. For the

---

[2] Cornerstone sold and assigned the loan to Wells Fargo. When Wells Fargo discovered that Plaintiffs attempted to rescind the loan, Wells Fargo required Cornerstone to buy back the loan.

purposes of its motion for summary judgment, Cornerstone stipulated that Plaintiffs had rescinded the loan. The rescission was not effected, however, because Plaintiffs failed to give back the money Cornerstone had advanced to Plaintiffs to pay off a previous home loan to Countrywide Home Loans. The State Court entered an Amended Summary Judgment in favor of Cornerstone and against Plaintiffs on January 18, 2007. The State Court found the following facts:

Plaintiffs are the owners of a residence in Weldon Spring, Missouri. The property was subject to a Deed of Trust in favor of Countrywide Home Loans, Inc. Securing a loan from Countrywide to Plaintiffs. As of January 19, 2006, the balance due under this loan was $491,894.96.

Plaintiff Kurt Ponzar sought to refinance the loan and applied for a new loan through Cornerstone. Cornerstone agreed to make a new loan to Kurt that would be secured by the property. Plaintiffs paid no money or property, such as closing costs or points, to Cornerstone in connection with the Cornerstone loan.

Cornerstone paid of the Countrywide loan by forwarding $491,894,96 on January 18, 2006 to Countrywide. Countrywide received the funds on January 19, 2006. Plaintiffs knew the Countrywide loan had been paid off.

On January 23, 2006, Plaintiffs decided to rescind the Cornerstone loan after they learned that he Countrywide loan had been paid off. Cornerstone stipulated for

the purposes of the Motion for Summary Judgment that Plaintiffs had exercised their right to rescind the Cornerstone loan pursuant to Regulation Z, 12 C.F.R. 226.23, based on letters dated January 23, 2006.

Plaintiffs have made no payments to Cornerstone or Wells Fargo since the origination of the Cornerstone loan. Furthermore, they have not returned the proceeds of the Cornerstone loan or any money to Cornerstone, although they claim to have "tendered" the proceeds of the Cornerstone loan by offering to enter into a new loan. Cornerstone did not accept Plaintiffs' proposal for a new loan.

The State Court, in a fully analyzed opinion,[3] found that Plaintiffs had not effected a rescission of the loan because they did not return the money Cornerstone advanced on their behalf to Countrywide. Thus, Cornerstone was entitled to recover the entire amount of the loan, plus interest and attorney's fees.

The State Court also held that Plaintiffs could not file their counterclaims, which were first raised after the entry of Summary Judgment, because they were compulsory counterclaims. Missouri Supreme Court Rule 55.32(a) barred the assertion of the counterclaims because they were not asserted in Plaintiffs' responsive pleadings.

---

[3] The State Court thoroughly discussed the procedural and legal background and basis for entering summary judgment in favor of Cornerstone.

## Discussion

Defendants now move to dismiss and for judgment on the pleadings because the claims asserted herein are likewise barred by the Missouri Compulsory Counterclaim Rule.

### **Applicable Standards**

Rule 12(c) provides that, after the pleadings are closed but a reasonable time prior to trial, a party may move for judgment on the pleadings. On this motion, a court applies the same standard of review as for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran*

*Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46. The Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c).

Initially, it should be observed that the Court can take judicial notice of the previous State Court action. In Missouri, as in other states, court records are public records. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98; *Pulitzer Publ'g Co. v. Transit Cas. Co.,* 43 S.W.3d 293, 300-01 (Mo. banc 2001); *R.S. Mo. §§ 109.180, 476.010*. In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain,* 478

U.S. 265, 269 n. 1 (1986); *Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion.... Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion. *Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.1999)." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

The purpose of Rule 55.32 (the Missouri Compulsory Counterclaim Rule) is "'to serve as a means of bringing all logically related claims into a single litigation, through the *penalty of precluding the later assertion of omitted claims*.' *Joel Bianco Kawasaki,* 81 S.W.3d at 532 (internal quotation omitted) (emphasis in original)." *Sloan-Odum v. Wilkerson* 176 S.W.3d 723, 725 (Mo.App. E.D. 2005). "When a claim is compulsory, you use it or lose it. Such is the case with the compulsory counterclaim rule, Rule 55.32(a), which requires a party to bring 'any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third

parties of whom the court cannot acquire jurisdiction.'" (Emphasis omitted).

*Hemme v. Bharti,* 183 S.W.3d 593, 596 (Mo.,2006).

> The purpose of the compulsory counterclaim rule is to promote judicial economy by requiring all logically related claims to be brought in a single proceeding. *Joel Bianco Kawasaki,* 81 S.W.3d at 532; *Cantrell v. City of Caruthersville,* 359 Mo. 282, 221 S.W.2d 471, 474 (1949). "[T]he general purpose of the [compulsory counterclaim] rule ... is to avoid a multiplicity of suits and to dispose of litigation more expeditiously and properly." *State ex rel. Buchanan v. Jensen,* 379 S.W.2d 529, 531 (Mo. banc 1964).

*Id.*, at 598.

For a counterclaim to be compulsory, "it must be asserted by a party against an "opposing party," see *Schoenlaub,* 668 S.W.2d at 76; *Oates v. Safeco Ins. Co.,* 583 S.W.2d 713, 717 (Mo.1979) (en banc), or *someone in privity with that party. See Schneeberger v. Hoette Concrete Const. Co.,* 680 S.W.2d 301, 303 (Mo.Ct.App.1984)." *Bankcard Systems, Inc. v. Miller/Overfelt, Inc.* 219 F.3d 770, 774 (8th Cir. 2000)(Emphasis added).

The present action raises the very same issues which were barred in the State action as untimely under the Missouri Compulsory Counterclaim rule. The mere fact that Plaintiffs are attempting to bring a separate action with respect to these claims does not revive those claims previously barred in the State Court. The claims are likewise barred in this Court. Under Missouri's Compulsory Counterclaim Rule,

because Plaintiffs did not assert these claims in the Cornerstone action in a timely manner, they cannot now be resurrected into a new cause of action. As aptly put by the Missouri Supreme Court, if you don't use it, you lose it. *Hemme,* 183 S.W.3d at 596. Plaintiffs did not raise these claims as counterclaims in the prior suit and therefore, they are barred from attempting to raise them in this proceeding. The argument that Wells Fargo was not an "opponent" of Plaintiffs in the prior action is unavailing. Wells Fargo was clearly in privity with Cornerstone; it was essentially put in the shoes of Cornerstone upon the original sale of the loan, and any claim against Wells Fargo based on the same set of facts and circumstances giving rise to Cornerstone's action against Plaintiff must have been brought in the original Cornerstone action. *Bankcard Systems, Inc*, 219 F.3d at 774.

**Conclusion**

Plaintiffs did not assert their claims in the action brought by Cornerstone against them in the State Court. As such, their claims are barred under the Missouri Compulsory Counterclaim Rule.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cornerstone's Motion to Dismiss is granted.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo's Motion for Judgment on the Pleadings, [Doc. No. 16], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss, [Doc. No. 13], is denied as moot.

A separate judgment in accordance with the Opinion, Memorandum and Order is entered this same date.

Dated this 8th day of June, 2007

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE